IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 06 CR 458 |
| | ) |
| WILLIAM COLE and ILLIANA LARA | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the motion by the United States of America ("Government") for revocation of the release order relating to Defendant William Cole ("Cole") and Defendant Illiana Lara ("Lara"). For the reasons stated below, we grant the motion and order Cole's and Lara's detention.

## BACKGROUND

On June 22, 2006, Cole and Lara were charged under a complaint with conspiring to smuggle aliens into the United States in violation of 8 U.S.C. §§ 1324(a)(1)(v)(I) an d1324 (a)(1)(B)(I). On June 23, 2006, Cole and Lara were arrested in Arizona. On June 28, 2006, Cole and Lara were ordered released by a magistrate judge in Arizona on a $1,000 bond pending their removal hearing in the

1

United States District Court of Arizona on July 10, 2006. The Government requested a stay of this order, which the magistrate judge granted and ordered to be in place until 5:00 p.m. on June 29, 2006. The Government now moves to revoke the order releasing Cole and Lara.

## DISCUSSION

The Government seeks a revocation of Cole's and Lara's release order pursuant to 18 U.S.C. § 3145(a)(1), which states that "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . the attorney for the Government may file . . . a motion for revocation of the order or amendment of the conditions of release . . . ." 18 U.S.C.A. § 3145 (a)(1). The Seventh Circuit has held that "[a]lthough § 3145(a)(1) speaks of 'review' by the district judge, the court may start from scratch . . . [and that a] district judge who elects to do this, however, must follow the same procedures that apply to the taking of evidence before the magistrate judge." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

On June 29, 2006, we conducted a detention hearing de novo. At the hearing, Cole and Lara were represented by counsel. The Government and counsel for Cole and Lara elected to present information and evidence by proffer.

2

I. Defendant Cole

The Government argued that Cole is a flight risk because he has numerous connections to Mexico. Cole has a bank account in a Mexican Bank with $12,000 in an account, he lived in Mexico for fifteen years after graduation from high school, and he owns a time share property in Mexico. The Government also argues that government records show that Cole has made numerous entries to Mexico, and that a vehicle that is known to be operated by Cole has crossed into Mexico at least thirty-two times since November 2003. The Government argues that Cole is charged with smuggling people into the United States from Mexico, which shows that he has a knowledge of how to enter and exit the United States without detection. In addition, the payment that Cole has received for this smuggling could be significant, and would enable Cole to leave the court's jurisdiction. Therefore, the Government argues that all of this evidence shows that Cole has the means and the knowledge to leave the United States without detection.

Cole argues that he has significant family ties to the United States, including a four year old child and an eleven year old child from a previous marriage. Cole also argues that it is common for people who live along the border between the United States and Mexico to own Mexican bank accounts and property, and to move often between the two countries. Cole also argues that he has medical problems for which he requires medication, which would stop him from leaving the care of his doctor.

3

The Seventh Circuit has held that in assessing a defendant's risk of flight, a district court should apply the preponderance of the evidence standard. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)(indicating that the preponderance of the evidence standard applies for the flight risk analysis). In making this determination, we have considered the factors contained in 18 U.S.C. § 3142(g), which states that "[a] judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required[,] . . . take into account the available information concerning--

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon

4

the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

We have considered each of the factors contained in 18 U.S.C. § 3142(g). First, the nature of Cole's offense is smuggling people into the Unites States from Mexico. In order to commit such an offense, a person must have a knowledge of how to enter and exit the United States without detection. Such knowledge also increases the risk that Cole could flee the court's jurisdiction. The weight of the evidence against Cole is strong, as shown by the Government's witnesses who were actually smuggled into the United States by Cole. Cole's history also shows that he poses a risk of flight. Cole has admitted to owning property in Mexico, has a bank account in Mexico with $12,000 in it, has traveled between the two countries on numerous occasions, and these facts, coupled with the serious smuggling charges against Cole, make Cole unlike others who live along the border between the United States and Mexico.

Based upon the foregoing and the evidence presented during the detention hearing, we find that the Government has met its burden of showing that Cole poses a risk of flight if he is not detained and that no condition or combination of conditions can reasonably assure his appearance. Therefore,

we grant the Government's motion for revocation of the release order and order Cole's detention.

II. Lara

The Government argues that Lara is a flight risk because she has a history of providing false names to the United States government, and has used multiple aliases. The Government contends that not only has Lara used multiple aliases, but she provided a false name and false nationality to the government so that she can be deported from the United States to Mexico in order to avoid prosecution as a United States citizen under her true name. The Government also contends that agents found a passport with Lara's photograph and a false name during a recent search of Cole's home. The Government argues that the fact that Lara has used aliases shows that she could easily leave the United States. Finally, the Government argues that Lara has family ties to Morelia, Mexico, where her family runs a stationary store.

Lara contends that she is not a risk of flight because of her family ties to the United States, which consist primarily of her four year old child. Lara also argues that she recently graduated from college, she is employed, she has a home in the United States, and she has no prior convictions. Lara also claims, as did Cole, that people who live along the border between the United

States and Mexico tend to have more connections to Mexico, but that such connections do not increase her risk of flight. Lara admits that she used a false name to be deported from the United States, but denies that it was an elaborate scheme.

We have considered each of the factors contained in 18 U.S.C. § 3142(g) that were discussed above. The nature of Lara's offense is smuggling people into the Unites States from Mexico, which requires a knowledge of how to enter and exit the United States without detection. Such knowledge also increases the risk that Lara could flee the court's jurisdiction. The weight of the evidence against Lara is also strong, as shown by the Government's witnesses who were actually smuggled into the United States by the assistance of Lara. Lara has been involved in many smuggling attempts, including when she was apprehended in 1999 for attempting to smuggle two minor children from Mexico, at which time she also gave a false name to United States immigration officials. Lara has significant ties to Mexico, including family members who run a store in Morelia, Mexico. Such knowledge of the border between the United States and Mexico and her ties to Mexico mean that Lara could easily leave the court's jurisdiction. In addition, Lara, who is a United States citizen, has admitted that she claimed to be a foreign national in the country illegally in order to be deported under an alias because she did not want an alien smuggling charge brought against her under her real name.

Lara's actions in this regard reflect that she would go to any extremes to avoid prosecution. Finally, Lara argued that her four year old child's presence in the United States reduces the likelihood that she would leave the court's jurisdiction. However, based on Lara's ties to Mexico and knowledge of the border, there would be nothing to stop her if she decided to flee and take her child with her.

Based upon the foregoing and the evidence presented during the detention hearing, we find that the Government has met its burden of showing that Lara poses a risk of flight if she is not detained and that no condition or combination of conditions can reasonably assure her appearance. Therefore, we grant the Government's motion for revocation of the release order and order Lara's detention.

## CONCLUSION

Based on the foregoing analysis, we grant the Government's motion for revocation of the release order and order Cole's and Lara's detention. Cole and Lara are hereby ordered remanded to the custody of the U.S. Marshal until further order of the Court.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 29, 2006